UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN YANG,<br><br>                    Plaintiff,<br><br>        - against -<br><br><br>SALEM MEDIA GROUP, INC.<br><br>                    Defendant. | Docket No. 1:17-cv-4168<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Stephen Yang ("Yang" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Salem Media Group, Inc. ("Salem" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of an "overweight" girl, owned and registered by Yang, a New York based professional photographer. Accordingly, Yang seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### PARTIES

5.      Yang is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee having a usual place of business at 270 Empire Boulevard #1K, Brooklyn, New York 11225.

6.      Upon information and belief, Salem is a domestic corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 111 Broadway, Suite 302, New York, New York 10006. At all times material hereto, Salem has owned and operated a website at the URL: www.TownHall.com (the "Website").

### STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      Yang photographed an "overweight" girl (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Yang is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9.      The Photograph was registered with US Copyright Office and was given Copyright Registration Number VA 2-024-871.

**B.      Defendant's Infringing Activities**

10.     Upon information and belief, on May 23, 2014, Salem ran an article on the Website entitled *66- Pound New York Schoolgirl Informed by School She's "Overweight"* See https://townhall.com/tipsheet/christinerousselle/2014/05/23/66pound-new-york-schoolgirl-

informed-by-school-shes-overweight-n1842640. The article prominently featured the

Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

14. 11.     Salem did not license the Photograph from Plaintiff for its article, nor did Salem

have Plaintiff's permission or consent to publish the Photograph on its Website.

12.     The Photograph appeared on Salem's servers.

13.     Yang first discovered the use of the Photograph on the Website on December 23,

2015.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST SALEM)**
**(17 U.S.C. §§ 106, 501)**

14.     Plaintiff incorporates by reference each and every allegation contained in

Paragraphs 1-13 above.

15.     Salem infringed Plaintiff's copyright in the Photograph by reproducing and

publicly displaying the Photograph on the Website. Salem is not, and has never been, licensed or

otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16.     The acts of Defendant complained of herein constitute infringement of Plaintiff's

copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the

Copyright Act, 17 U.S.C. §§ 106 and 501.

17.     Upon information and belief, the foregoing acts of infringement by Salem have

been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18.     As a direct and proximate cause of the infringement by the Defendant of

Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and

defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST SALEM**
**(17 U.S.C. § 1202)**

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above

21.     Upon information and belief, Salem intentionally and knowingly removed and altered copyright management information identifying Plaintiff as the Photographer of the Photograph.

22.     The conduct of Salem violates 17 U.S.C. § 1202(b).

23.     Upon information and belief, Salem's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Salem intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Salem also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

25.     As a result of the wrongful conduct of Salem as alleged herein, Plaintiff is entitled to recover from Salem the damages, that he sustained and will sustain, and any gains, profits and

advantages obtained by Salem because of their violations of 17 U.S.C. § 1202, including

attorney's fees and costs.

26.     Alternatively, Plaintiff may elect to recover from Salem statutory damages

pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation

of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Salem be adjudged to have infringed upon Plaintiff's copyrights

in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Fox be adjudged to have falsified, removed and/or altered

copyright management information in violation of 17 U.S.C. § 1202.

3.     Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or

advantages of any kind attributable to Defendant's infringement of Plaintiff's

Photograph.

4.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either:

a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information

committed by Defendant pursuant to 17 U.S.C. § 505;

5.     That Defendant be required to account for all profits, income, receipts, or other

benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 1203(b);

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
            June 5, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
        Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Stephen Yang*